W. SHARP, Judge.
The Florida Department of Revenue, Child Support Enforcement Program, on behalf of Constance Baculik, appeals from an order which dismissed its petition for modification of child support owed by Charles Baculik, on behalf of the parties’ daughter, Jessica. Although the trial court’s order, which the Department sought to modify, stated that Charles’ child support payments were “terminated,” under the circumstances of these parties and this case, Charles’ child support obligations could be revived and reinstated. Thus, it was error for the trial court to have dismissed the petition.
The record in this case shows that in 1993, the Department filed a petition against Charles Baculik to establish child support for Jessica, who was then 13 years old, and living with her mother, Constance. A final judgment requiring Charles to pay child support to Constance for Jessica was rendered in 1994. In 1996, Charles filed a motion to modify his child support on the ground that Jessica had become “emancipated”.
After a hearing, the trial court determined that on April 15, 1996, Jessica had moved from her mother’s residence to the home of her boyfriend and his parents. It also found that the boyfriend was working and earning $1,625.00 per month, and that Jessica had income from a part-time job. The court terminated Charles’ child support obligation, after April 15, 1996, not to affect the arrear-age owed as of that date. It made the finding that Jessica was “emancipated.”
The word “emancipated” in the prior order was not used in the legal sense that the disabilities of the minor, Jessica, had been removed, pursuant to any of the provisions of Chapter 743, Florida Statutes, such as attaining age 18, marriage, or the statutory procedure set forth in section 743.015. Thus, there was no legal basis to conclude that Charles’ child support obligations were terminated in the sense of “extinguished.” *1009 Charles’ child support obligations owed to Constance were clearly properly terminated in the sense of “suspended,” absent a change of circumstances, since Constance no longer was a proper conduit for Jessica’s support.
However, the circumstances changed. In this case, the petition alleged that Jessica had returned to live with her mother in December 1997. She was still under the age of 18, and she was in need of child support. Her condition of not needing her parents’ support had vanished. Like an order that terminates child support obligations because of the lack of ability to pay, when that condition changes, the obligation to pay can be reinstated. Accordingly, we reverse the order dismissing the petition and remand for further proceedings.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.